IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREA WYMAN, an individual, | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| BARRY J. JERNT, an individual, and | ) | |
| WESTERN EXPRESS, INC., a Tennessee | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Andrea Wyman, by and through her attorneys, Peter C. Wegman and Mark R. Richardson, Rembolt Ludtke LLP, for her cause of action against Defendants Barry J. Jernt and Western Express, Inc. alleges and states:

### REQUEST FOR JURY TRIAL IN LINCOLN, NEBRASKA

1. Plaintiff respectfully requests a jury trial in Lincoln, Lancaster County, Nebraska.

### PARTIES

2. Plaintiff is, and during all times relevant hereto has been, a resident of Merrick County, Nebraska.

3. Defendant Barry J. Jernt ("Jernt"), is a resident of Lake County, Illinois.

4. Defendant Western Express, Inc. ("Western Express") is a Tennessee corporation with its principal place of business located in Nashville, Tennessee, doing

business in the State of Nebraska. Western Express is registered with the U.S. Department of Transportation under DOT number 511412.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and because the amount in controversy exceeds $75,000 as to Plaintiff.

6. Venue in the United States District Court for the District of Nebraska is proper under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7. Jernt was an employee and/or agent of Western Express and was acting within the scope and course of his employment or agency with Western Express, or in the alternative was furthering the business interests of Western Express, with respect to the collision alleged herein.

8. On October 3, 2016, Plaintiff was westbound in a 2013 Ford ETI on Highway 30 in Merrick County, Nebraska, approaching the intersection of Highway 30 and G Street (the "Intersection").

9. At the same time, Jernt was operating a semi-tractor and trailer (together the "Semi-Truck") owned by Western Express, also traveling westbound on Highway 30 following Plaintiff's vehicle.

10. Upon information and belief, Jernt was operating the Semi-Truck with the permission of Western Express.

11. Plaintiff's vehicle stopped at the Intersection, attempting to turn left, or south onto G Street, with her left turn signal and brake lights activated.

12. At approximately 9:50 p.m., the Semi-Truck being operated by Jernt rear-ended Plaintiff's stopped vehicle (the "Collision").

13. The Collision was a proximate result of Jernt's negligent operation of the Semi-Truck.

**FIRST CAUSE OF ACTION:**
**NEGLIGENCE OF DEFENDANT BARRY JERNT**

14. Plaintiff incorporates Paragraphs 1 through 13 above as if fully set forth herein.

15. Jernt was negligent in the operation of the Semi-Truck.

16. Jernt owed several duties to Plaintiff including, but not limited to, the following:

   a. Maintaining a proper following distance;

   b. Yielding to traffic lawfully stopped or slowed in front of him;

   c. Traveling at a reasonable rate of speed given the conditions then present;

   d. Maintaining a proper lookout; and

   e. Complying with all U.S. Department of Transportation Rules and Regulations pertaining to the operation of a commercial semi-truck and trailer upon a roadway.

17. Jernt breached one or more of the above duties when he collided with Plaintiff's vehicle.

18. As a direct and proximate cause of Jernt's negligence, Plaintiff sustained injuries to her body, including a traumatic brain injury, some of which injuries are permanent; incurred medical expenses in an amount not less than $5,000; lost wages in an amount not less than $2,500; may have suffered an impairment of her future earning capacity; and suffered physical pain, mental suffering and inconvenience, said physical pain, mental suffering and inconvenience being reasonably certain to continue in the future.

## SECOND CAUSE OF ACTION:
## NEGLIGENCE OF DEFENDANT WESTERN EXPRESS, INC.

19. Plaintiff incorporates Paragraphs 1 through 18 above as if fully set forth herein.

20. Jernt's negligence is imputed upon Western Express because Jernt's negligence occurred within the course and scope of his employment and/or agency with Western Express.

21. As a direct and proximate result of the negligence imputed upon Western Express, Plaintiff sustained injuries to her body, including a traumatic brain injury, some of which injuries are permanent; incurred medical expenses in an amount not less than $5,000; lost wages in an amount not less than $2,500, upon information and belief has suffered an impairment of her future earning capacity; and suffered physical pain, mental suffering and inconvenience, said physical pain, mental suffering and inconvenience being reasonably certain to continue in the future.

WHEREFORE, Plaintiff prays for judgment against Defendants for Plaintiff's special damages in an amount not less than $5,000 and lost wages in an amount not less than $2,500; for general damages in an amount not less than $75,000; interest at the maximum legal rate until the judgment is paid in full; and the taxable costs of this action.

DATED October 24, 2017.

ANDREA WYMAN, Plaintiff

By: /s/ Peter C. Wegman
Peter C. Wegman (#16685)
pwegman@remboltlawfirm.com
Mark R. Richardson (#24719)
mrichardson@remboltlawfirm.com
REMBOLT LUDTKE LLP
1128 Lincoln Mall, Suite 300
Lincoln, NE 68508
(402) 475-5100

4816-4700-1670, v. 1